IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES STICKLEY
ADC #86725                                                                    PLAINTIFF

v.                              No. 4:10-cv-184-DPM

KARL BYRD, Sheriff, Faulkner County,
Arkansas; TORLING, Officer; ANDREWS,
Lt.; ANDREWS, Officer; CHILDS, Officer;
BOBBY BROWN, Major; and JOHN RANDALL,
Captain, Faulkner County Detention Center            DEFENDANTS

## ORDER

The Defendants' motion for summary judgment, *Document No. 49*, is denied. The law enforcement officials point to the Faulkner County Detention Center's policy of allowing inmates one roll of toilet paper per week. They say that if an inmate runs out, then he can get another roll; and they argue that, as a matter of law, these circumstances pass constitutional muster. But Stickley says this is not the way things worked in practice. One testifying officer agreed. This evidence indicates that the practice was one roll a week, no more, no matter what. The record thus presents a genuine dispute of material fact on the merits, a dispute that precludes judgment as a matter of law. FED. R. CIV. P. 56(a).

Nor are the Defendants entitled to qualified immunity. First, there are material disputes of fact about the jail's policy and practice. Second, pretrial detainees (like Stickley) have clearly established constitutional rights to basic human dignity, reasonably adequate sanitation and personal hygiene, and at least the minimal civilized measures of life's necessities. *See, e.g., Morris v. Zefferi*, 601 F.3d 805, 809, 812 (8th Cir. 2010); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989). Taking Stickley's story as true, the record is this: Defendants denied Stickley more than one roll of toilet paper a week during the approximately five months he was detained; he needed more than this; he was not doing anything improper with the toilet paper, such as stopping up the toilet; and each time he ran out of toilet paper, Stickley had to wait up to thirty minutes to shower and clean himself after bowel movements.

This is not a case where no toilet paper was provided for a few days. *Compare, e.g., Harris v. Fleming*, 839 F.2d 1232, 1234–36 (7th Cir. 1988) (four-to-five day "temporary neglect of Harris's needs was not intentional, nor did it reach unconstitutional proportions."). A reasonable officer might make a mistake about whether that kind of omission violated clear law. But if what

Stickley says is true, a reasonable officer would understand that, in these circumstances, not providing additional toilet paper violated Stickley's right to reasonably adequate sanitation and personal hygiene during pretrial detention. *Montoya v. City of Flandreau*, __ F.3d __ , No. 11-1787, at *7-8 (8th Cir. 23 February 2012).

Motion, *Document No. 49*, denied. An amended final scheduling order, which will set pre-trial deadlines and a new trial date, will issue soon.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

1 March 2012